**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

FILED
AUG 2 7 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

July 26, 2019

Neil R. Bouchillon, Esq.
Bouchillon, Crossan & Colburn, L.C.
731 Fifth Avenue
Huntington, West Virginia  25701

      Re:  *United States v. Tequan Montek Pratt, also known as "Snow"*
           Criminal No. 3:19-cr-00150 (USDC SDWV)

Dear Mr. Bouchillon:

    This will confirm our conversations with regard to your client, Tequan Montek Pratt, also known as "Snow" (hereinafter "Mr. Pratt"). As a result of these conversations, it is agreed by and between the United States and Mr. Pratt as follows:

    1.  **PENDING CHARGES.** Mr. Pratt is charged in a three-count indictment as follows:

        (a)  Count One charges Mr. Pratt with a violation of 21 U.S.C. § 841(a)(1) (distribution of marijuana for remuneration);

        (b)  Count Two charges Mr. Pratt with a violation of 21 U.S.C. § 841(a)(1) (distribution of marijuana for remuneration); and

        (c)  Count Three charges Mr. Pratt with a violation of 21 U.S.C. § 841(a)(1) (distribution of marijuana for remuneration).

                                                      TP
                                                    Defendant's
                                                      Initials

Neil R. Bouchillon, Esq.
July 26, 2019
Page 2

Re: Tequan Montek Pratt

2. **RESOLUTION OF CHARGES**. Mr. Pratt will plead guilty to Counts Two and Three of said indictment, which charges him with violations of 21 U.S.C. § 841(a)(1). Following final disposition, the United States will move the Court to dismiss Count One in Criminal No. 3:19-cr-00150 as to Mr. Pratt.

3. **MAXIMUM POTENTIAL PENALTY**. The maximum penalty to which Mr. Pratt will be exposed by virtue of this guilty plea is as follows:

COUNT TWO:

(a) Imprisonment for a period of 5 years;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of at least two years;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

(e) Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Pratt for a period of up to 5 years; and

(f) Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

COUNT THREE:

(a) Imprisonment for a period of 5 years;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

_TP_
Defendant's Initials

Neil R. Bouchillon, Esq.
July 26, 2019                  Re: Tequan Montek Pratt
Page 3

    (c)    A term of supervised release of at least two years;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

    (e)    Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Pratt for a period of up to 5 years; and

    (f)    Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

TOTAL MAXIMUM PENALTY:

    (a)    Imprisonment for a period of 10 years;

    (b)    A fine of $500,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of at least two years;

    (d)    A mandatory special assessment of $200 pursuant to 18 U.S.C. § 3013;

    (e)    Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Pratt for a period of up to 5 years; and

    (f)    Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

    4.    **SPECIAL ASSESSMENT.** Mr. Pratt has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Pratt agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

                                                           *TP*
                                                          Defendant's Initials

Neil R. Bouchillon, Esq.
July 26, 2019                           Re: Tequan Montek Pratt
Page 4

5. **PAYMENT OF MONETARY PENALTIES.** Mr. Pratt authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Pratt agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Pratt further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Pratt authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Pratt shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Pratt agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

_____TP_____
Defendant's
Initials

Neil R. Bouchillon, Esq.
July 26, 2019                                    Re: Tequan Montek Pratt
Page 5

6. **COOPERATION.** Mr. Pratt will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Pratt may have counsel present except when appearing before a grand jury.

7. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Pratt, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

8. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Pratt for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Pratt for perjury or false statement if such a situation should occur pursuant to this agreement.

9. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Pratt stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Pratt agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of

_____TP_____
Defendant's
Initials

Neil R. Bouchillon, Esq.
July 26, 2019                                    Re: Tequan Montek Pratt
Page 6

Facts in the United States' case-in-chief, in cross-examination of Mr. Pratt or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Pratt knowingly and voluntarily waives, see *United States v. Mezzanatto*, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Pratt understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

10. **AGREEMENT ON SENTENCING GUIDELINES**. Based on the foregoing Stipulation of Facts, the United States and Mr. Pratt agree that the following provisions of the United States Sentencing Guidelines apply to this case.

USSG §2D1.1

| Base offense level is at least | 16 | 2D1.1(c) (at least 20 KG but less than 40 KG of marijuana) |

The parties understand that the United States reserves the right to argue for a higher base offense level, if applicable, based on additional controlled substances recovered from the searches conducted at the Lilac Lane duplex in Nitro, the house on Sunset Drive in Scott Depot, and the house on Cochran Lane in Nitro. The parties also have no agreement as to application of a two-level enhancement for possession of a dangerous weapon, pursuant to USSG §2D1.1(b)(1). The United States reserves the right to argue for this enhancement, if applicable.

                                                            _____
                                                            Defendant's
                                                            Initials

Neil R. Bouchillon, Esq.
July 26, 2019                              Re: Tequan Montek Pratt
Page 7

The United States and Mr. Pratt acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Pratt knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 26, regardless of criminal history category. Mr. Pratt also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction 21 U.S.C. § 841(a)(1) is unconstitutional, and (2) Mr. Pratt's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of the 21 U.S.C. § 841(a)(1).

The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 13, regardless of criminal history category.

Mr. Pratt also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction

                                                    TP
                                            _____
                                              Defendant's
                                              Initials

Neil R. Bouchillon, Esq.
July 26, 2019
Page 8

Re: Tequan Montek Pratt

collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

    12. **WAIVER OF FOIA AND PRIVACY RIGHT**. Mr. Pratt knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    13. **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Pratt;

(f) Advise the Court concerning the nature and extent of Mr. Pratt's cooperation; and

(g) Address the Court regarding the issue of Mr. Pratt's acceptance of responsibility.

                                                                 TP
                                                                Defendant's Initials

Neil R. Bouchillon, Esq.
July 26, 2019                           Re: Tequan Montek Pratt
Page 9

14. **VOIDING OF AGREEMENT.** If either the United States or Mr. Pratt violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

15. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Pratt in this matter. There are no agreements, understandings, or recommendations as to any other pending or future charges against Mr. Pratt in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                        MICHAEL B. STUART
                        United States Attorney

            By: *[signature]*
                        DREW O. INMAN
                        Assistant United States Attorney

DOI/fgh

_____
Defendant's
Initials

Neil R. Bouchillon, Esq.
July 26, 2019                              Re: Tequan Montek Pratt
Page 10

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 10-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement; that no promises or inducements have been made to me other than those in this agreement; and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          _____
Tequan Montek Pratt                      8-14-19
Defendant                                Date Signed

_____          _____
Neil R. Bouchillon, Esq.                 8/14/19
Counsel for Defendant                    Date Signed

```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       HUNTINGTON
```

UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. 3:19-cr-00150

TEQUAN MONTEK PRATT,
    also known as "Snow"

## STIPULATION OF FACTS

The United States and TEQUAN MONTEK PRATT, also known as "Snow" (hereinafter "defendant" and "I") stipulate and agree that the facts comprising the offenses of conviction (Counts Two and Three in the Indictment in the Southern District of West Virginia, Criminal No. 3:19-cr-00150), include the following:

On March 29, 2018; March 30, 2018; and April 9, 2018, I traveled to a duplex on Lilac Lane in Nitro, West Virginia, which is in the Southern District of West Virginia ("SDWV"), where I knowingly and intentionally delivered approximately one pound of marijuana to an undercover police informant ("CI") on each date. CI and I arranged each of these marijuana deliveries through our cellphones.

On April 10, 2018, CI ordered another pound of marijuana, so I knowingly and intentionally loaded T.S.'s (my girlfriend's) vehicle with approximately two pounds of marijuana and drove to the duplex with her. I intended to distribute this marijuana. After I arrived, police investigators detained me to execute a search warrant on the duplex. T.S. gave the investigators consent to search her vehicle, where they recovered the marijuana.

For several months prior to April 2018, I was having marijuana transported to me from multiple locations in California. I would resell the California marijuana in the SDWV. T.S. and others traveled to California to assist me in paying for the marijuana and ensuring its transport to West Virginia. Estimated very conservatively, I purchased and received at least 45 pounds of marijuana for resale this way (at least 4 trips where 10-15 pounds of marijuana were transported per trip).

**PLEA AGREEMENT EXHIBIT A**

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment.

Stipulated and agreed to:

_____    8-14-19
TEQUAN MONTEK PRATT                Date
Defendant

_____    8/14/19
NEIL R. BOUCHILLON, ESQUIRE        Date
Counsel for Defendant

_____    8/27/2019
DREW O. INMAN                      Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
2